553 F.2d 309
 Cadet Timothy D. RINGGOLD, Individually and on behalf of all
other similarly situated cadets of the U. S.
Military Academy, Plaintiffs-Appellants,
v.
The UNITED STATES of America et al., Defendants-Appellees.
 No. 654, Docket 76-6154.
 United States Court of Appeals,
Second Circuit.
 Argued March 10, 1977.
Decided April 19, 1977.
 
 Sidney Siller, New York City (Siller & Galian, Edward G. Galian, New York City, of counsel), for plaintiffs-appellants.
 Nathaniel L. Gerber, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., for the Southern District of New York, Kent T. Stauffer, Asst. U. S. Atty., New York City, of counsel), for defendants-appellees.
 Before SMITH and FEINBERG, Circuit Judges, and TENNEY, District Judge.*
 PER CURIAM:
 
 
 1
 In early June 1976, Cadet Timothy D. Ringgold filed suit in the United States District Court for the Southern District of New York against the United States of America and officials of the Department of the Army and the United States Military Academy, seeking to prevent defendants from applying the Academy's Cadet Honor Code to him and others similarly situated. After denying preliminary motions by Ringgold,[1] Judge Richard Owen in September 1976 granted summary judgment for defendants. On appeal, Ringgold presses in this court several constitutional challenges to the Honor Code, but we have not considered them because the appeal is moot.
 
 
 2
 In April 1976, at a meeting with the Undersecretary of the Army, Ringgold had asserted that there were many instances of cheating at the Academy. Word of this disclosure reached the Cadet Honor Committee, which eventually concluded that Ringgold had violated the Honor Code prohibition on "toleration" of the offenses of others. On August 17, 1976, before Ringgold's case was submitted to the Board of Officers under the Army's procedural regulations, Ringgold voluntarily resigned from the Academy, effective September 1, 1976.
 
 
 3
 Ringgold's resignation moots this appeal. Although the suit was filed as a class action, Judge Owen never certified the class so we have only the claim of Ringgold before us. The Article III limitation of federal jurisdiction to "Cases" and "Controversies" has been interpreted to mean that we are "without power to decide questions that cannot affect the rights of litigants in the case" before us. North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971). When he resigned voluntarily, after filing suit and while the district judge was considering the case on the merits, Ringgold removed himself from the Honor Code's purview. Thus, a decision on the validity of the Code or its application would not now affect him. This case does not fall within the exception to the mootness doctrine for disputes that are "capable of repetition, yet evading review". Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). Ringgold's own action, not the nature of his claim or the alleged wrong, has frustrated his quest for review. And although Ringgold has applied to the Academy for readmission, we cannot assume that he will be readmitted, again violate the Honor Code and be prosecuted once more.[2] Moreover, nothing prevents another cadet from raising the same general attack on the Honor Code or the procedures for administering it.
 
 
 4
 Appeal dismissed as moot, with instructions to the district court to vacate the judgment on the ground of mootness.
 
 
 
 *
 Of the Southern District of New York, sitting by designation
 
 
 [1]
 Ringgold sought a preliminary injunction and convening of a three-judge court. His notice of appeal refers to the orders denying both motions, but on appeal he has directed no arguments to them
 
 
 [2]
 In finding ourselves barred from considering this appeal, we do not mean to express any view on Ringgold's claim that the Army has treated him unfairly by (1) proceeding against him because of what he regarded as an honorably frank statement made in a confidential situation; (2) inducing the resignation that mooted this litigation by offering the possibility of readmission; and (3) not acting on his application for readmission, at least as of the date this case was argued