Gregory **BACKUS**, Appellant,

v.

**BAPTIST MEDICAL CENTER**, Appellee.

No. 81–1505.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1981.

Decided Feb. 23, 1982.

Philip E. Kaplan, argued, Kaplan, Hollingsworth, Brewer & Bilheimer, P. A., Little Rock, Ark., for appellant.

Byron Freeland, argued, Debra K. Hutchens, Mitchell, Williams & Selig, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, and HEANEY and BRIGHT, Circuit Judges.

BRIGHT, Circuit Judge.

Gregory Backus appeals from an adverse judgment in his Title VII action. He contends that the district court erred in holding that his employer presented sufficient evidence to establish sex as a bona fide occupational qualification for a position as a nurse in the hospital's labor and delivery section. Because a live controversy no longer exists between the parties, we do not reach the merits. Instead, we vacate the judgment of the district court and direct the dismissal of the action as moot.[1]

## I. *Background.*

The Baptist Medical Center (BMC) in Little Rock, Arkansas, employed Gregory Backus as a registered nurse in 1978. Backus requested assignment to the labor and delivery section of the obstetrics and gynecology department. The hospital refused his request on April 24, 1978, stating its concern for female patients' "privacy and personal dignity." Backus appealed to the hospital administrator, who upheld the decision to bar Backus' assignment to the labor and delivery section, instead offering him a position in the intensive care nursery at the same salary. Backus accepted that position.

In December 1979, Backus again requested a transfer to the labor and delivery section. BMC again refused his request, stating its concern for the "privacy and personal dignity" of its female patients. On June 15, 1979, Backus filed a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging that the hospital refused to assign him to the labor and delivery section solely on the basis of his sex and that sex did not constitute a bona fide occupational qualification. He subsequently received a right-to-sue letter from the EEOC.

Backus left his position at the BMC in September 1979, after receiving performance evaluations that he alleges reflected harassment for filing his discrimination charge and that he maintains affected his chance for promotion. Backus accepted employment at another hospital and one month later, on October 11, 1979, brought this action in district court.[2]

In ruling in favor of BMC, the district court concluded that (1) sex constituted a bona fide occupational qualification for a position as a nurse in the hospital's labor and delivery section; (2) BMC had not

---

1. The district court opinion by Judge Elsijane T. Roy is reported at 510 F.Supp. 1191 (E.D. Ark.1981).

2. Backus' complaint requested the district court to
    A. Grant him a declaratory judgment that the actions of the defendant complained of herein violates [sic] the rights of men guaranteed by 42 U.S.C. § 2000e *et seq.*;
    B. Grant plaintiff a permanent injunction prohibiting the defendant[,] its agents, successors, employees, and those acting in concert with it from engaging in policies and practices complained of herein;
    C. Award plaintiff such monetary relief, including back pay and compensation for lost benefits, as is necessary, just and proper;
    D. Award plaintiff the costs of this action together with reasonable attorney's fees;
    E. Order the institution of revised employment practices which will redress defendant's past discrimination against men and insure that it does not recur in the future;
    F. Grant plaintiff such other relief as may be necessary and proper.

downgraded Backus' evaluation because he filed discrimination charges; and (3) BMC's failure to promote Backus was not discriminatorily based. *Backus v. Baptist Medical Center*, 510 F.Supp. 1191, 1195, 1197–98 (E.D.Ark.1981).

Backus argues on appeal that the district court erred in holding sex a bona fide occupational qualification for a position as a nurse in the labor and delivery section. Neither party contested the district court's power to make a determination on the merits. This court raised the jurisdictional question on its own motion and during oral argument requested supplemental briefs on the issue of mootness.

## II. *Discussion.*

■ The parties and this court recognize that the power of federal courts is circumscribed by the Constitution. The Supreme Court has noted:

> "[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." The inability of the federal judiciary, "to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." [*DeFunis v. Odegaard*, 416 U.S. 312, 316, 94 S.Ct. 1704, 1705, 40 L.Ed.2d 164 (1974) (*per curiam*) (citations omitted).]

Actions in federal court must involve substantive controversies for which the court can grant specific and conclusive relief. *See Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937); *Allen v. Likins*, 517 F.2d 532, 534 (8th Cir. 1975). The constraints imposed by article III require federal courts to determine whether "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality" to warrant granting relief. *See id.* at 534 (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941)). Moreover, the controversy between the parties must exist at all stages of the litigation. *United States v. Munsingwear*, 340 U.S. 36, 39–40, 71 S.Ct. 104, 106–107, 95 L.Ed. 36 (1950); *Cedar-Riverside Environmental Defense Fund v. Hills*, 560 F.2d 377, 381 (8th Cir. 1977) (*per curiam*).

■ In this case, a live controversy between Backus and the Baptist Medical Center existed at the time he filed his complaint with the EEOC. Shortly after receiving his right-to-sue letter, however, Backus voluntarily left the BMC for a position at a different hospital.[3] Backus did not pursue his claim for monetary relief at trial and, at oral argument, counsel admitted that backpay no longer remained an issue. Nowhere in his complaint did Backus request that he be reinstated or that he be assigned to the labor and delivery room at the BMC.[4] Backus' remaining requests for relief sought a declaration that BMC's policy barring the assignment of male nurses to the labor and delivery section violates Title VII and an injunction banning that practice in the future. Backus has, in effect, voluntarily removed himself from the impact of the challenged practice by discontinuing his

---

3. Backus' complaint may be read to state an allegation of constructive discharge. The district court, however, did not address that issue in its memorandum opinion and Backus has not pressed the issue on appeal. He contends only that he established a prima facie case of sex discrimination based on the Baptist Medical Center's refusal to assign him to the labor and delivery section and that sex is not a bona fide occupational qualification for such a position.

4. In his supplemental brief to this court on the issue of mootness, Backus claims that "he specifically asked the court to place him in [the] position of registered nurse (R.N.) in the labor and delivery room of the Baptist Medical Center (BMC)[,]" and that he still desired and would accept such a position. The Baptist Medical Center disputes this assertion and we have been unable to find any evidence of the request in the record of the district court. *See* note 1 *supra; Cochetti v. Desmond*, 572 F.2d 102, 105 (3d Cir. 1978) (mootness of appeal must be determined on basis of district court record).

employment, abandoning his claim for damages, and failing to seek placement in the labor and delivery section. Our decision on the merits, therefore, would not involve "an adjudication of present right upon established facts[,]" *Aetna Life Insurance Co. v. Haworth, supra*, 300 U.S. at 242, 57 S.Ct. at 464, but would instead answer the hypothetical question of whether the disputed practice violates the requirements of Title VII. We decline to issue such an advisory opinion. *See Ashcroft v. Mattis*, 431 U.S. 171, 172, 97 S.Ct. 1739, 1740, 52 L.Ed.2d 219 (1977) (*per curiam*); *Flast v. Cohen*, 392 U.S. 83, 96–97, 88 S.Ct. 1942, 1950–1951, 20 L.Ed.2d 947 (1968); *Ringgold v. United States*, 553 F.2d 309, 310 (2d Cir. 1977) (*per curiam*).

Backus argues, however, that this case falls within the exception to the mootness doctrine, because the controversy is "capable of repetition, yet evading review[.]" *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911).

We disagree. While the controversy may be capable of repetition, the challenged practice will not, by nature, continually evade judicial review.

In *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975) (*per curiam*), the Supreme Court stated that

> in the absence of a class action, the "capable of repetition, yet evading review" doctrine [is] limited to the situation where two elements combine[ ]: (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same

complaining party would be subjected to the same action again.

Because this case has not been certified as a class action, we must determine whether Backus' claim satisfies these two criteria.[5]

Nothing inherent in BMC's policy prevented Backus' challenge from being fully litigated. The BMC policy existed before it employed Backus, and, as far as we can ascertain, remains in effect. Backus' challenge was mooted by his voluntary departure from BMC and his failure to seek reinstatement, to pursue his damage claim, or to seek class relief. Because the alleged harm is not the type that would dissipate during the normal time required for resolution of this controversy, *see, e.g., Dunn v. Blumstein*, 405 U.S. 330, 333 n.2, 92 S.Ct. 995, 998 n.2, 31 L.Ed.2d 274 (1972) (durational residency); *Roe v. Wade*, 410 U.S. 113, 124–25, 93 S.Ct. 705, 712–13, 35 L.Ed.2d 147 (1973) (limited gestation period), Backus cannot be relieved of his responsibility to maintain a personal stake in this controversy at all times. *See Sosna v. Iowa*, 419 U.S. 393, 402, 95 S.Ct. 553, 558, 42 L.Ed.2d 532 (1975).

Accordingly, we vacate the judgment of the district court and direct dismissal of this action as moot.

---

5. We reject Backus' suggestion to liberally interpret article III's case or controversy requirement in the context of Title VII. He contends that because a Title VII action is, in practical effect, a class action, *see Parham v. Southwestern Bell Tel. Co.*, 433 F.2d 421, 428 (8th Cir. 1970), we should proceed to the merits of his claim even though his individual claim may be moot. Because Backus' claim was not brought as a class action, however, no class of unnamed persons with a separate legal status remains to direct the action. *See Franks v. Bowman Transp. Co.*, 424 U.S. 747, 753, 96 S.Ct. 1251, 1258, 47 L.Ed.2d 444 (1976); *Sosna v. Iowa*, 419 U.S. 393, 399, 95 S.Ct. 553, 557, 42 L.Ed.2d 532 (1975). Absent a plaintiff with a continuing interest in the controversy, the action cannot proceed.