**MINNESOTA PUBLIC INTEREST RESEARCH GROUP (MPIRG), Plaintiff,**

v.

**SELECTIVE SERVICE SYSTEM, Major-General Thomas K. Turnage, Director; and United States Department of Education, Terrel H. Bell, Secretary, Defendants.**

No. 3–82 Civ. 1670.

United States District Court,
D. Minnesota.

Jan. 24, 1983.

E. Gail Suchman and Daniel W. Lass, Minneapolis, Minn., for plaintiff.

Neil H. Koslowe, Dept. of Justice, Washington, D.C., for defendants.

William J. Keppel, Minneapolis, Minn., for intervening plaintiffs John Doe, Richard Roe and Paul Poe.

ALSOP, District Judge.

This matter comes before the court upon the motion of John Doe, Richard Roe and Paul Poe for leave to intervene as plaintiffs in the above-entitled action. The putative intervenors seek intervention as of right under Fed.R.Civ.P. 24(a)(2) or, alternatively, seek to intervene by discretion of the court under Fed.R.Civ.P. 24(b)(2).

▪ Permissive intervention pursuant to Fed.R.Civ.P. 24(b)(2) requires that the applicants make timely application and that the applicants' claim or defense and the main action have a question of law or fact in common. The court has determined that the applicants made a timely application. It has further determined that the situations, interests, and even the claims of the plaintiff and applicants are virtually identical. Thus, applicants' claims and the main action obviously share many common questions of law and perhaps of fact.

▪ Permissive intervention also requires that there be independent jurisdictional grounds. *See* text and cases cited 7A Wright & Miller, *Federal Practice & Procedure: Civil* § 1917 at 592, n. 34 (1972 ed. and 1981 pocket part). Applicants clearly allege federal question jurisdiction. Defendants, however, challenge this court's jurisdiction on the basis that applicants lack standing and that they present no case or controversy. These arguments are more fully discussed in the memorandum considering defendants' motion for judgment on the pleadings as against the original plaintiff. It is sufficient now to note that this court is satisfied applicants are faced with threatened injury in fact directly caused by the challenged statute and have alleged a justiciable "case or controversy." Thus, the constitutional prerequisites of standing and ripeness requisite for invocation of this court's jurisdiction under U.S. Const. art. 3 have been met.

The court further finds that intervention will not unduly delay or prejudice the adjudication of the rights of the original parties because this litigation is in its initial stage.

In summary, since the applicants have made timely application, since their claims share common questions of law and fact with the main action, since independent jur-

isdictional grounds exist, and since intervention will not unduly delay or prejudice the adjudication of the rights of the original parties, permissive intervention will be granted. The court finds it unnecessary to determine whether the intervenors could intervene as of right.

Accordingly,

IT IS ORDERED That the motion of John Doe, Richard Roe and Paul Poe for leave to intervene pursuant to Fed.R.Civ.P. 24(b)(2) be and hereby is granted.

IT IS FURTHER ORDERED That the Complaint of the Intervening Plaintiffs be served upon the defendants and filed with the clerk of this court.