747 F.2d 1204
 21 Ed. Law Rep. 460
 MINNESOTA PUBLIC INTEREST RESEARCH GROUP (MPIRG), Appellant,
John Doe; Richard Roe; Paul Poe
v.
SELECTIVE SERVICE SYSTEM, Major-General Thomas K. Turnage,
Director; and United States Department of
Education, Terrel H. Bell, Secretary, Appellees.
 No. 83-1662.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Aug. 15, 1984.
Decided Nov. 5, 1984.
 
 New York Public Interest Research Group, New York City, amicus curiae for appellant.
 E. Gail Suchman and Carla C. Kjellberg, Minneapolis, Minn., for appellant.
 No appearance for appellee.
 Before HEANEY, ROSS, and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 This action was originally filed by the Minnesota Public Interest Research Group (MPIRG) to enjoin the enforcement of Sec. 1113 of the Department of Defense Authorization Act of 1983, 50 U.S.C.App. Sec. 462 (West Supp.1984). This provision of the Act requires that persons subject thereto file a statement of compliance with their educational institution prior to receiving financial assistance under Title IV of the Higher Education Act, 20 U.S.C. Sec. 1070 et seq.
 
 
 2
 On January 24, 1983, three individuals who were subject to the Act were allowed to intervene in the suit. Minnesota Public Interest Research Group v. Selective Service System, 557 F.Supp. 923 (D.Minn.1983). On the same day, the district court[1] granted summary judgment to the government against MPIRG. The court determined that the plaintiffs' claim raised a justiciable case or controversy, but held MPIRG lacked standing to challenge the validity of the statute. Minnesota Public Interest Research Group v. Selective Service System, 557 F.Supp. 925, 934-35 (D.Minn.1983).[2]
 
 
 3
 A preliminary injunction was entered on March 10, 1983, after the district court held that the intervenors were likely to succeed on the merits. 557 F.Supp. 937. See Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir.1981). On June 15, 1983, the court permanently enjoined the enforcement of the statute on the grounds that it was an unconstitutional bill of attainder violative of the plaintiffs' fifth amendment right against self incrimination.[3]
 
 
 4
 On June 27, 1983, pursuant to 28 U.S.C. Sec. 1252, the government filed an appeal directly to the United States Supreme Court from the district court's injunction. On July 21, 1983, the government moved this court to dismiss MPIRG's appeal pursuant to 8TH CIR.R. 12(b) for lack of jurisdiction. On August 17, 1983, we granted the motion to dismiss, and transferred the appeal to the Supreme Court. Minnesota Public Interest Research Group v. Selective Service System, 718 F.2d 1107 (8th Cir.1983).
 
 
 5
 The Supreme Court ultimately held that the statute was constitutional and lifted the injunction. Selective Service System v. Minnesota Public Interest Research Group, --- U.S. ----, 104 S.Ct. 3348, 82 L.Ed.2d 632 (1984). This court's order transferring MPIRG's appeal to the Supreme Court was vacated and remanded with directions that we consider whether MPIRG has standing. Minnesota Public Interest Research Group v. Selective Service System, --- U.S. ----, 104 S.Ct. 3574, 82 L.Ed.2d 872 (1984).
 
 
 6
 By virtue of the Supreme Court's decision upholding the constitutionality of the statute in question, there is no longer a justiciable case or controversy; the case is moot. See J. Nowak, R. Rotunda & J. Young, HANDBOOK ON CONSTITUTIONAL LAW 54-64 (1978). See also DeFunis v. Odegaard, 416 U.S. 312, 316, 94 S.Ct. 1704, 1705, 40 L.Ed.2d 164 (1974); Backus v. Baptist Medical Center, 671 F.2d 1100, 1102 (8th Cir.1982).
 
 
 7
 It is well established that an actual case or controversy must exist at all stages of the litigation which includes the appeal. See Backus, supra, 671 F.2d at 1102. Here, there is no longer an actual controversy. The statute MPIRG seeks to have enjoined as being unconstitutional has been upheld by the Supreme Court.
 
 
 8
 In light of our resolution of the mootness issue MPIRG's appeal is dismissed. The cause is remanded to the district court to vacate its order which held MPIRG lacked standing. See 28 U.S.C. Sec. 2106.
 
 
 
 [1]
 The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota
 
 
 [2]
 MPIRG filed a motion for reconsideration of the judgment, and for leave to amend the complaint under FED.R.CIV.P. 59(e) and 15(a) & (b), respectively. On March 16, 1983, the district court denied the request in an unpublished order
 
 
 [3]
 In the period between the granting of the preliminary and permanent injunctions, MPIRG appealed the district court's decision denying the organization standing