**Sherah BENNET, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

**No. 5:94–CV–006.**

United States District Court, N.D. Ohio, Eastern Division.

Aug. 5, 1996.

Edward G. Kramer, Patrick S. Lavelle, Kramer & Nierman, Cleveland, OH, for plaintiff Sherah Bennett.

David M. Selcer, Baker & Hostetler, Columbus, OH, for defendant State Farm Mutual Automobile Insurance Company.

## MEMORANDUM OF OPINION

O'MALLEY, District Judge.

The defendant in this case, State Farm Mutual Automobile Insurance Company, has moved for partial summary judgment, (docket # 40), on the ground that the plaintiff's claim regarding the allegedly discriminatory denial of health insurance benefits to her is moot. For all of the reasons set forth more fully below, the defendant's motion for partial summary judgment is **GRANTED in part only and is, otherwise, DENIED.**

### I. Factual Background

The plaintiff in this case, who suffers from bipolar affective disorder, brings her claims under the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.* ("ADA"). With respect to the issue presented in the defendant's most recent motion, the relevant facts are as follows. The plaintiff was employed by the defendant from August 1, 1988 until September 30, 1992. During her employment, plaintiff's bipolar disorder was diagnosed. As a result of this condition, plaintiff took two leaves of absence, one in 1990 and another in 1992. During these leaves of absence, the plaintiff was hospitalized for her condition.

While away on leave in 1990, the plaintiff allowed her health insurance to lapse, due to nonpayment of premiums. When she returned to work, plaintiff reapplied for health insurance, but was required to show proof of insurability.[1] Because the plaintiff was currently under treatment for bipolar disorder, a preexisting condition, she was unable to provide proof of insurability and was denied coverage.

In her complaint, plaintiff claims, *inter alia,* that the denial of her health insurance benefits was a violation of the ADA. Plaintiff's claims were initially complicated by the fact that the ADA, which is not retroactive, did not become effective until July 26, 1992. Plaintiff was terminated from her employment on September 30, 1992. Similar to the arguments made by the defendant in its present motion for partial summary judgement, the defendant earlier argued for dismissal of the case on the ground that the plaintiff did not have standing to bring her claims because she has no justiciable stake in the litigation. Judge Bell found, however,

---

1. Like most employers, State Farm provided health insurance to *new hires* without requiring them to show proof of insurability.

that, if the plaintiff incurred medical expenses in the two months during which she was employed by the defendant and the ADA was effective, which would have been reimbursed by her insurer but for the alleged discrimination, the plaintiff may have a sufficient interest in the outcome of the proceedings for standing purposes. (*See* Opinion of October 19, 1994).

Discovery in this case has revealed that plaintiff indeed incurred medical expenses that would have been paid by her insurer during the two months in question. On August 18, 1992 and September 15, 1992, plaintiff was billed for medical services provided twice during that time frame by Central Mental Health. However, these bills were adjusted by Central Mental Health and were written-off as not collectable on August 30, 1993.

Because these bills are no longer outstanding, it is now the defendant's position, as stated in its motion for partial summary judgment, that plaintiff no longer has a "particularized stake" in this litigation and her claim for damages regarding the denial of health insurance to her is moot. In addition, defendant argues that any request for declaratory or injunctive relief with respect to this same claim also is moot because plaintiff is no longer employed by State Farm.

## II.  The Summary Judgement Standard

Rule 56(c) of the Federal Rules of Civil Procedure dictates that, where summary judgment is sought:

> The judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

While all evidence must be viewed in the light most favorable to the non-moving party, summary judgment is appropriate whenever that non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). "In other words, the movant [can] challenge the opposing party to 'put up or shut up' on a critical issue. After being afforded sufficient time for discovery, as required by Fed.R.Civ.P. 56(f), if the respondent [does] not 'put up', summary judgment [is] proper." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1478 (6th Cir.1989).

In this context, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street,* at 1479–80 *citing Frito–Lay Inc. v. Willoughby,* 863 F.2d 1029, 1034 (D.C.Cir.1988). The trial court need not seek out factual disputes nor speculate on the possibility that, under some as yet unstated scenario, a meaningful factual dispute might somehow arise. The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established, which create a genuine issue of material fact. *See Fulson v. City of Columbus,* 801 F.Supp. 1, 4 (S.D.Ohio 1992). Further, the non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some unspecified metaphysical doubt as to material facts. *Id.*

## III.  Analysis

Although the defendant assails the plaintiff's opposition to its motion on the ground that it does not set forth specific facts to contradict the defendant's position, the issues presented by the defendant's motion are primarily legal ones. It is defendant's position that, because the plaintiff is no longer indebted on paper to Central Mental Health, she no longer has a "compensable claim". Thus, defendant argues, any claim for damages resulting from the denial of medical benefits to the plaintiff, even if that denial was discriminatory, is now moot.

Defendant's "mootness" argument fails to persuade for several reasons. First, the mere fact that Central Mental Health made a bookkeeping adjustment regarding plaintiff's account does not operate to wipe out plaintiff's ADA claim. The fact that plaintiff is no longer obligated, on paper, to pay the amounts she owed does not change

the fact that the amount was never paid by the defendant, for allegedly discriminatory reasons, nor does it diminish any moral obligation on the plaintiff's part to pay what she owes. The arbitrary actions of an unrelated third party simply cannot suffice to snuff out plaintiff's ADA claim.

Second, defendant's "mootness" argument misconstrues the nature of the damages available to a plaintiff under the ADA. 42 U.S.C. § 12117 provides that the same remedies available to a plaintiff bringing a claim under Title VII are also available to a plaintiff bringing a claim under the ADA. The Civil Rights Act of 1991 amended Title VII to provide awards of compensatory damages where an employer is found to have "engaged in unlawful intentional discrimination ..." 42 U.S.C. § 1981a(a)(1). As the plaintiff correctly points out, "compensatory damages" under Title VII include not only actual, tangible damages, but also damages for emotional distress. *See Carey v. Piphus*, 435 U.S. 247, 263–64, 98 S.Ct. 1042, 1052–53, 55 L.Ed.2d 252 (1978); *Turic v. Holland Hospitality, Inc.*, 85 F.3d 1211, 1214–15 (6th Cir. 1996).[2]

Thus, it is clear that, even if the plaintiff's monetary loss were no longer at issue, her claim for her other compensatory damages, including damages for emotional distress, is still viable. Accordingly, this Court finds that the plaintiff's claim for damages regarding the denial of health benefits to her is not moot. Plaintiff retains her stake in this litigation, however circumscribed that stake might be, by virtue of her claims for compensatory damages. Accordingly, the defendant's motion for partial summary judgement on the issue of the "mootness" of plaintiff's claim for damages for the denial of plaintiff's health insurance is denied.

■ Defendant also argues that the plaintiff's claims for declaratory and injunctive relief are moot because the plaintiff is no longer employed by the defendant. None of the cases cited by the defendant however, stand for the broad proposition that, once an employee leaves his or her employment, he or she no longer may seek declaratory or injunctive relief. A close reading of these cases reveals that, with respect to the availability of equitable remedies for former employees, such decisions on the merits are only considered inappropriate when the decision "would not involve 'an adjudication of present right upon established fact', ... but would instead answer a hypothetical question of whether the disputed practice violates the requirements of Title VII". *Backus v. Baptist Medical Center*, 671 F.2d 1100 (8th Cir. 1982).

Significantly, in all of these cases, decided under pre-1991 law, the Court found that the plaintiffs no longer maintained a stake in the litigation, as compensatory damages were unavailable, an injunction prohibiting application of the disputed practice to the plaintiff was no longer necessary, and a declaratory judgment would only amount to an advisory opinion. See *Beattie v. United States*, 949 F.2d 1092, 1094 (10th Cir.1991); *Hampton v. IRS*, 913 F.2d 180, 182 (5th Cir.1990); *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir.1994); *Boals v. Gray*, 577 F.Supp. 288, 297 (N.D.Ohio 1983), *aff'd in part*, 775 F.2d 686 (6th Cir.1985).

In this case, which will be decided under the 1991 Civil Rights Act, the plaintiff maintains a stake in this litigation in the form of her claim for compensatory damages. Thus, a declaratory judgment as to the defendant's actions, as they relate to the plaintiff, would not constitute a mere advisory opinion. It would provide a declaration of the plaintiff's rights as they remain to be determined on the merits of this case.[3]

---

2. In rare cases, punitive damages may also be awarded in actions brought under the ADA. The circumstances justifying an award of punitive damages are limited to cases in which the plaintiff demonstrates that an employer has "engaged in a discriminatory practice ... with malice or reckless indifference to the federally protected right of an aggrieved individual." 42 U.S.C. § 1981a(b)(1); *Turic*, 85 F.3d at 1216.

3. For these same reasons, any such declaration would be limited in scope to the rights of the plaintiff and would not address the appropriateness of the defendant's actions as to any other employee or former employee.

The injunction plaintiff requests would not constitute "forward looking" relief, however. Since the plaintiff is no longer employed by the defendant, the *future* application of the allegedly discriminatory policy to the plaintiff is moot. The rights of other employees and the issue of defendant's obligations vis-a-vis those employees is not before the Court. Accordingly, while this Court finds that the defendant's arguments with respect to the plaintiff's request for a declaratory judgment are not well-taken, the defendant is entitled to summary judgment on the plaintiff's request for injunctive relief.

### Conclusion

For all of these reasons, the defendant's motion for partial summary judgment is **GRANTED in part only and is, otherwise, DENIED.**

**IT IS SO ORDERED.**