668 F.2d 878
 109 L.R.R.M. (BNA) 3294, 94 Lab.Cas. P 13,516
 Bernard J. HEHEMAN, et al., Plaintiffs-Appellants, Cross-Appellees,
v.
The E. W. SCRIPPS COMPANY, Defendant-Appellee, Cross-Appellant,
and
The Cincinnati Enquirer, A corporation organized under the
laws of Ohio, Defendant-Appellee.
 Nos. 80-3017, 80-3024.
 United States Court of Appeals,
Sixth Circuit.
 Jan. 7, 1982.
 
 Order Denying Petition for Rehearing En Banc.
 John A. Lloyd, Jr., Barbara Bison Ford, Stanley M. Chesley, Michael Boylan, Cincinnati, Ohio, for plaintiffs-appellants, cross-appellees.
 James W. Hengelbrok, Davis, Hengelbrok & Sachs, Cincinnati, Ohio, John R. Ferguson, Jeffrey N. Martin, Janine H. Coward, Myron L. Dale, Washington, D. C., James P. Garner, Baker & Hostetler, Cleveland, Ohio, J. Mack Swigert, Taft, Stettinius & Hollister, Roger Weber, Cincinnati, Ohio, Charles T. Price, Cleveland, Ohio, Roger D. Staton, McIntosh, McIntosh & Knabe, Paul R. Reiners, Cincinnati, Ohio, for defendant-appellee, cross-appellant.
 Ronald Rosenberg, George Driesen, Jeffrey Freund, Van Arkel, Kaiser, Gressman, Rosenberg & Driesen, Washington, D. C., for amicus curiae AFL-CIO.
 Frank M. Northam, Hanson, O'Brien, Birney & Butler, Washington, D. C., for amicus curiae Newspaper Publishers Ass'n.
 Before ENGEL and MERRITT, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 
 ORDER
 
 1
 A majority of the Court having not voted in favor of an en banc rehearing, the petition for rehearing has been referred to the hearing panel for disposition.
 
 
 2
 Upon consideration, it is ORDERED that the petition for rehearing be and hereby is denied, 661 F.2d 1115 (6th Cir.).
 
 WEICK, Circuit Judge, dissenting:
 
 3
 I respectfully dissent from the denial of en banc consideration of the suggestion of The E. W. Scripps Company for en banc consideration of its petition for rehearing.
 
 
 4
 This case involves important legal questions, namely, an interpretation of procedures under the Newspaper Preservation Act, 15 U.S.C. § 1801 (1976) by which The Post, a failing newspaper in Cincinnati, Ohio, was given permission to enter into a joint operating agreement with The Cincinnati Enquirer, another Cincinnati newspaper to reduce costs, which agreement provided, inter alia, for The Post to be composed and printed by the Enquirer. As a result it was not necessary for The Post to operate a composing room and it no longer needed any printers and they all lost their jobs.
 
 
 5
 The printers filed suit for damages against the publisher of The Post, E. W. Scripps Company and The Cincinnati Enquirer under the Labor Management Relations Act, 29 U.S.C. § 1851 et seq., claiming breach of their Collective Bargaining Agreement (C.B.A.) with the Union and also breach of the provisions of a Scanner Agreement, which they claimed guaranteed them, as situation holders, lifetime employment. The claim against the Enquirer was in tort based upon alleged interference with their contract with The Post.
 
 
 6
 The District Court granted summary judgment against the substitute printers and also against the situation holders printers on their tortious interference claims against the Enquirer. Later, the District Court on cross-motions for summary judgment held that the situation holders were entitled to damages for breach of the Scanner Agreement but that because the Scanner Agreement was dependent on the 1976 Collective Bargaining Agreement, the Scanner Agreement expired in 1981 when the Collective Bargaining Agreement expired.
 
 
 7
 It is submitted that the decision of the District Court was correct because the Collective Bargaining Agreement provided for all the terms and conditions of employment of the printers. The panel erred, it is submitted, in looking elsewhere for the terms and conditions of employment where none existed. In so doing, the panel applied state law, which was incorrect as the case was governed by federal law, under which it is settled that a court may not supply the terms of a collectively bargained agreement. 29 U.S.C. § 158(d). NLRB v. Burns International Security Services, Inc., 406 U.S. 272, 92 S.Ct. 1571, 32 L.Ed.2d 61 (1972); H. K. Porter Co., Inc. v. NLRB, 397 U.S. 99, 90 S.Ct. 821, 25 L.Ed.2d 146 (1970). Even under state law, the panel's decision was incorrect. E.g., Boleman v. Congdon and Carpenter Co., 638 F.2d 2 (1st Cir. 1981).
 
 
 8
 Under the arrangement with the Enquirer, The Post did not need any printers and if The Post continued to employ them, the printers would have no work to do or duties to perform. Where an employer ceased to operate his business in whole or in part, he no longer needs the services of his employees and he ought not to be held liable in damages. Their claims for damages, it was testified to by an expert, would aggregate about $50,000,000.
 
 
 9
 It is noteworthy that the panel held that the District Court erred in granting summary judgment on legal issues in favor of Scripps, but held that the District Court should have entered summary judgment on factual issues which were disputed. This is inconsistent and conflicts with Rule 56 Federal Rules Civil Procedure. It was also inconsistent with the panel's ruling that the printers owed a duty to mitigate damages.
 
 
 10
 The panel was correct in holding that there was no liability on the part of the Enquirer in agreeing to the arrangement and that the ruling of the District Court in that respect should be affirmed.