**Ana Alicia NIEVES–RAMOS, for herself and as mother with patria potestas of minor Jackson J. Bermudez–Nieves, Plaintiffs,**

v.

**Crisanta GONZALEZ–DE–RODRIGUEZ, Romualdo Rodriguez–Arroyo, Defendants.**

**Civ. No. 89–1027CC.**

United States District Court, D. Puerto Rico.

May 22, 1990.

Eugenio Ramos–Ortiz, Luquillo, P.R., for plaintiffs.

Marcos A. Ramírez–Lavandero, Ramírez & Ramírez, Hato Rey, P.R., for defendants.

### OPINION AND ORDER

CEREZO, District Judge.

This civil rights' action, brought under the provisions of 42 U.S.C. § 1983 and

§ 1985, is now before the Court on defendants Crisanta González-de-Rodríguez and Romualdo Rodríguez–Arroyo's motion to dismiss (docket entry 3). The facts, as stated in the complaint, are as follows: on August 29, 1988, a criminal complaint was issued by the Commonwealth District Court, Guaynabo Part, against Victor Bermúdez–Arroyo. In it, it was alleged that Bermúdez–Arroyo had failed to afford his minor son, plaintiff Jackson J. Bermúdez–Nieves, the necessary child support. On that same date, an order of arrest was issued, and Bermúdez–Arroyo was arrested and taken before the Court. He went accompanied by his relatives, defendants González-de-Rodríguez, a Commonwealth Superior Court judge, and Rodríguez–Arroyo, a Commonwealth prosecutor.

Once before the court, it is alleged that defendants, acting in common and concert agreement, used their influences as well-known public officials to "impressed/or forced" the Commonwealth district judge into quashing the order of arrest previously issued, dismissing the original complaint, and converting the case into a civil action for a provisional order of support, which the court fixed at thirty dollars ($30.00) per week. Bermúdez–Arroyo never complied with this court-ordered monetary support, however, as he left the Island shortly after the judicial proceedings were concluded. Although plaintiffs alleged that an attempt was made to obtain full faith and credit for the local court order to procure its enforcement in the appropiate state court, the steps taken in that regard appear to have been unsucessful.

Based on the above stated facts, plaintiffs filed this action for the alleged violation of two of their constitutional rights, to wit: their "interest in obtaining a criminal conviction of said Victor Bermúdez–Arroyo", and the deprivation of a "proprietary right without due process in violation of the Fourteenth Amendment to the Constitution of the United States." *See* complaint, ¶ 9. Defendants moved for dismissal of the complaint, to which plaintiffs replied with a belated opposition. We now rule on the pending motion.

■ As it is generally recognized, a claim upon which relief may be granted brought under § 1983 must embody at least two elements. In the first instance, plaintiffs are bound to show that they have been deprived of a right secured by the Constitution and the laws of the United States. Once that initial requirement is fulfilled, they must secondly show that defendants deprived them of this right acting under color of state law. *West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988), *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 90 S.Ct. 1598 (1970). After a careful examination of the facts of this case as stated in the complaint, we note that plaintiffs have failed in their attempt to comply with the aforementioned first element. As previously stated, they have alleged as a first claim of a constitutional violation that they were deprived of their interest in obtaining the criminal conviction of Bermúdez–Arroyo. However, there is no cause of action under § 1983 for failure to prosecute a crime where the civil rights complainant alleges that he was the victim, as there appears to be no federal constitutional right to have criminal wrongdoers brought to justice. *Johnson v. Craft*, 673 F.Supp. 191, 193 (S.D.Miss. 1987). *See also Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536, 541 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non prosecution of another.")

Plaintiffs' second claim of a constitutional violation, that they were deprived of an alleged property right without due process of law, is even more nebulous. It is evident that the only discernible property right which plaintiffs may have acquired related to the facts alleged in the complaint is the provisional order of support granted by the Commonwealth District Court in lieu of prosecution. Article 147 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 566, *Rodríguez–Avilés v. Rodríguez–Beruff*, 117 D.P.R. 616 (1986), *De Jesús v. Castel-*

*lar,* 80 P.R.R. 235 (1958), *García v. Acevedo,* 78 P.R.R. 580 (1955). Nonetheless, they now argue that it was due to the court's failure to criminally prosecute Bermúdez–Arroyo that they have been deprived of their property right. *See* complaint, ¶ 9. We find this allegation without merit, however, as the statute in question, Article 158 of the Penal Code of Puerto Rico, 33 L.P.R.A. § 4241, creates a completed offense with a fixed penalty as soon as a parent fails to support his child. Thus, if Bermúdez–Arroyo would have been convicted under it, as plaintiffs wished, he would have been either jailed or fined. Accordingly, the prospect that prosecution would have resulted in payment of support can, at best, be termed only speculative. Under those circumstances, plaintiffs have failed to show that they have in fact been deprived of a proprietary interest without a due process of law because of defendants' actions. Plaintiffs having failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983, the action filed under its provisions is hereby DISMISSED.

In their complaint, however, plaintiffs have also raised a cause of action under 42 U.S.C. § 1985. Although they failed to designate under which subsection of that statute their claim is based, an analysis of its different portions has led us to assume that it is either under the second clause of subsection (2) (which deals with conspiracies to interfere with justice in the state courts with intent to deny any citizen the equal protection of the law) or the first clause of subsection (3) (which prohibits private conspiracies to deny any person or class of persons the equal protection of the law). Regarding this last subsection, the Supreme Court expressly held in *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), that any claim raised under it must establish some *racial,* or perhaps otherwise *class-based,* invidiously discriminatory animus behind the conspirators' actions. *See also United Broth. of Carpenters & Joiners v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983), *Daley v. Town of New Durham,* 733 F.2d 4, 7 (1st Cir.1984). A similar requirement for any claim raised under the second clause of subsection (2) was also suggested by the Supreme Court in *Kush v. Rutledge,* 460 U.S. 719, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983), and has been explicitly established by several Court of Appeals. *See Bretz v. Kelman,* 773 F.2d 1026, 1028 (9th Cir.1985) (en banc); *Williams v. St. Joseph Hospital,* 629 F.2d 448, 451 (7th Cir.1980), *Slavin v. Curry,* 574 F.2d 1256, 1262 (5th Cir. 1978); *Dacey v. Dorsey,* 568 F.2d 275, 277 (2d Cir.1978), *Hahn v. Sargent,* 523 F.2d 461, 469 (1st Cir.), *cert. den.* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). In view of the fact that plaintiffs have made no allegation which even inferentially indicates that any defendant was motivated by any class-based, invidiously discriminatory animus, they have also failed to state a claim under either the second clause of § 1985(2) or the first clause of § 1985(3). This being the case, their cause of action under this section is also hereby DISMISSED.

In view of the above, the entire complaint is now ORDERED DISMISSED. Judgment shall be entered accordingly.

SO ORDERED.