Fred L. FULSON, Plaintiff,

v.

**CITY OF COLUMBUS,**
**et al., Defendants.**

**No. C2–91–540.**

United States District Court,
S.D. Ohio, E.D.

Aug. 26, 1992.

Darryl A. Hines, Columbus, Ohio, for plaintiff.

Glenn B. Redick, City Attorney's Office, Columbus, Ohio, for defendants.

## OPINION AND ORDER

GRAHAM, District Judge.

This is an action brought under 42 U.S.C. § 1983 by Fred L. Fulson against the City of Columbus, James Jackson, Chief of the Columbus Police Department, Officer James Donaldson and Sergeant Blair Schuler. The individual defendants have been sued in their official and individual capacities. Claims asserted against Franklin County and the Franklin County Sheriff have been voluntarily dismissed.

Plaintiff, who is Black, alleges that on February 22, 1990, he became involved in a dispute with Matthew and Clovis Dawson, who are Caucasian, concerning the payment for some computer equipment which plaintiff purchased from the Dawsons. Plaintiff states in his complaint that the Dawsons threatened him with physical harm, and that when plaintiff attempted to leave the scene, his vehicle was pursued, rammed and run off the road by the Dawsons. When plaintiff exited his vehicle, he was allegedly kicked by Clovis Dawson, and Matthew Dawson threatened him with a handgun. A deputy with the Franklin County Sheriff's Department who happened to be in the vicinity observed the altercation and secured the three men pending the arrival of Sergeant Schuler and other Columbus police officers.

Plaintiff further alleges that he and the Dawsons were taken to police headquarters. Plaintiff alleges that he was not told that he was under arrest, and that he overheard the radio dispatcher state that there were no outstanding warrants for his arrest. At headquarters, the Dawsons were allegedly urged by Officer Donaldson of the Check Squad to file charges against plaintiff for passing a bad check. Plaintiff alleges that he stopped payment on the check when he discovered that the computer was defective, and that there were in fact sufficient funds in the account to cover the check. The Dawsons filed the criminal complaint, and Officer Donaldson placed plaintiff under arrest for the passing bad check charge.

Plaintiff alleges that defendants Schuler and Donaldson failed to investigate his assault complaint against the Dawsons. Plaintiff further alleges that he went to the City Attorney's Office and attempted to file charges against the Dawsons, but that the City Attorney's Office refused to pursue these charges on his behalf. The charge filed by the Dawsons was later dismissed by the Franklin County Court of Common Pleas. The reason for the dismissal is undisclosed.

Plaintiff claims that the Columbus Police Department has a practice of favoring the complaints of Caucasian citizens over those of Black citizens, and that this policy was ratified by defendants Jackson and the City of Columbus. Plaintiff alleges that defendants Jackson and the City of Columbus

failed to adequately train officers to properly prosecute and investigate complaints in a racially neutral manner. Plaintiff further claims that the City of Columbus has maintained a first come, first served policy of filing criminal complaints. Plaintiff also alleges that his arrest and prosecution were unlawful.

This matter is before the court on the defendants' motion for summary judgment.

The procedure for granting summary judgment is found in Fed.R.Civ.P. 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). However, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). *See also Matsushita Electric Industrial Company, Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

 The Sixth Circuit Court of Appeals has recognized that *Liberty Lobby*, *Celotex* and *Matsushita* effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgments. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir.1989). The court in *Street* identified a number of important principles applicable in new era summary judgment practice. For example, complex cases and cases involving state of mind issues are not necessarily inappropriate for summary judgment. *Id.* at 1479. Under *Liberty Lobby* and *Celotex*, a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict, and if the opposing party is thereafter unable to demonstrate that he can do so, summary judgment is appropriate. *Id.* at 1478. "In other words, the movant could challenge the opposing party to 'put up or shut up' on a critical issue [and] ... if the respondent did not 'put up,' summary judgment was proper." *Id.*

 In responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Id.* (quoting *Liberty Lobby*, 477 U.S. at 257, 106 S.Ct. at 2515). The nonmoving party must adduce more than a scintilla of evidence to overcome the summary judgment motion. *Id.* It is not sufficient for the nonmoving party to merely "'show that there is some metaphysical doubt as to the material facts.'" *Id.* (quoting *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356). Moreover, "[t]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Id.* That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.

 Defendant City of Columbus has moved for summary judgment, asserting that plaintiff cannot prove the existence of a policy or custom upon which to base a finding of liability on the part of the City. A municipality may be found liable under § 1983 only where the municipality itself causes the constitutional violation, that is, where the execution of the government's policy or custom inflicts the injury. *Monell v. New York City Dept. of Social*

*Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Normally a single unconstitutional action of a nonpolicymaking employee is insufficient to impose liability under *Monell* absent evidence that the alleged injury was caused by an existing policy. *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). While single decisions may result in the imposition of § 1983 liability, this occurs only when the decision is made by a decisionmaker who possesses final authority to establish municipal policy with respect to the action taken. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). Municipal liability under § 1983 attaches only where a deliberate choice to follow a course of action is made from among various alternatives by the official responsible for establishing final policy with respect to the subject matter in question. *Id.* at 483–484, 106 S.Ct. at 1300.

■ Plaintiff has alleged the existence of a policy of discrimination in the investigation and filing of complaints, as well as a failure to train police officers on the proper way to investigate and prosecute complaints. Where a plaintiff alleges a policy of inadequate training of police officers, such a policy may serve as a basis for § 1983 liability "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412 (1989). Only where a failure to train reflects a deliberate or conscious choice or policy by a municipality can a city be held liable for such a failure under § 1983. *Id.* at 391, 109 S.Ct. at 1206.

The City denies that the City, the City Prosecutor's Office, and the Columbus Police Department have adopted, approved or enforced the various policies or customs alleged by plaintiff. The City has submitted the affidavit of Deborah Hoffman of the City Attorney's Night Prosecutor's Program, in which she states that the only policy employed in filing criminal charges is whether the complainant has established probable cause. The City has also submitted a directive of the Division of Police which establishes the protection of constitutional rights of individuals as the first goal of the Division.

■ Plaintiff has submitted no evidence which would tend to show the existence of a policy of racial discrimination in the filing or investigation of complaints, of failure to train police officers to exercise racial neutrality in the filing or investigation of complaints, or of filing complaints on a "race to the courthouse" basis. The facts alleged in plaintiff's complaint do not establish the existence of these policies. As noted previously, a solitary act on the part of nonpolicymaking employees is generally insufficient to prove the existence of a municipal policy. Further, the court notes that plaintiff does not specifically allege in his complaint that the acts of the officers or the City Attorney's Office personnel were in fact motivated by his race. Plaintiff simply alleges that "the abuse to which [he] was subjected was consistent with an institutionalized practice" of the police department of filing complaints based upon race. The City is entitled to summary judgment on plaintiff's equal protection claims.

■ Plaintiff has also failed to establish liability on the part of Chief Jackson in his official or individual capacity as to the equal protection claims. Liability under § 1983 may not be imposed on supervisory officials on a *respondeat superior* basis. *Hays v. Jefferson County, Kentucky,* 668 F.2d 869 (6th Cir.1982). Plaintiff must show a direct causal link between the acts of individual officers and the supervisory defendant. *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). A failure of a supervisory official to supervise, control or train the individual officers is not actionable absent a showing that the official encouraged the specific incident of misconduct or in some other way directly participated in it, or implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers. *Hays,* 668 F.2d at 874. Plaintiff has produced no evidence to show that Chief Jackson participated in or had any knowledge of the alleged events

and circumstances of this case. Plaintiff has also produced no evidence from which a jury could reasonably find that Chief Jackson, who is Black, espoused a policy of favoring Caucasian complainants over Black complainants, or that he had any notice or reason to believe that any such policy was being practiced by individual officers or that additional training in the taking or investigating of complaints was required.

The court further finds that plaintiff has failed to show, in the face of the defendants' motion for summary judgment, that he could produce evidence to prove the elements of his equal protection claim against all the defendants. Plaintiff claims that he was denied equal protection when the police officers and the City Attorney's Office declined to file assault charges on his behalf against the Dawsons, while the Dawsons were permitted to file a complaint against him. Plaintiff does not specifically allege that the acts of the two individual officers were motivated by race. Rather, the gist of the complaint is to the effect that since these events happened, they must be attributable to an official policy of filing complaints based upon the race of the parties.

 The exercise of prosecutorial discretion does not constitute an equal protection violation unless it is based on race or some other impermissible factor. *United States v. Aleman,* 609 F.2d 298 (7th Cir.1979). Of course, where a decision to prosecute an individual is based on that individual's race, an equal protection claim may be stated. However, the question of whether an individual may state a claim under § 1983 for the failure to prosecute another on racial grounds is not as clear cut. It is well established that a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another. *Linda R.S. v. Richard D.,* 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). Thus, courts have generally declined to recognize standing on the part of victims of crimes to bring a § 1983 action based upon the lack of prosecution of others. *See Sattler v. Johnson,* 857 F.2d 224 (4th Cir.

1988) (no constitutional right under the Equal Protection Clause to secure the prosecution of another); *Nieves–Ramos v. Gonzalez–De–Rodriguez,* 737 F.Supp. 727 (D.P.R.1990); *Rosquist v. Jarrat Construction Corp.,* 570 F.Supp. 1206 (D.N.J. 1983). A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act. *Doe v. Mayor and City Council of Pocomoke City,* 745 F.Supp. 1137 (D.Md.1990). Where the injuries allegedly sustained by plaintiff as a result of the alleged criminal acts of another would not have been redressed even if the offender had been prosecuted or if the police investigation had been more thorough, plaintiff lacks standing under § 1983. *Id.* at 1139–1140.

 There may be circumstances where allegations of failure on the part of the police to investigate and prosecute criminal offenders on the basis of race may state an equal protection claim under § 1983. For example, in *Mody v. City of Hoboken,* 758 F.Supp. 1027 (D.N.J.1991), the court concluded that plaintiffs' allegations that police inaction in cases of attacks against Eastern Indians was based upon race and had the effect of encouraging such attacks in the future stated an equal protection claim. However, a plaintiff in an equal protection action has the burden of demonstrating discriminatory intent. *Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); *Mody v. City of Hoboken,* 959 F.2d 461 (3d Cir.1992). Plaintiff must also establish a causal relationship between the discriminatory police policy and the injury to the plaintiff. *Mody,* 959 F.2d at 466.

 Defendants have submitted the police investigation documents which relate to this case. Those documents contain no racial comments or any other statements which would suggest that the decisions made by the officers and City Attorney's Office personnel were based in any way on race. The documents reveal that Officer

Donaldson took information from the Dawsons and from plaintiff. Included in those documents are police reports relating to the alleged assault on plaintiff by the Dawsons. Plaintiff has produced no evidence which would tend to establish that defendants acted with racial animus in allowing the Dawsons to file charges against plaintiff or in declining to file assault charges against the Dawsons on plaintiff's behalf. Plaintiff has offered no evidence to demonstrate the existence of a policy or practice of racial discrimination in the filing of complaints.

In regard to the matter of his own complaint against the Dawsons, plaintiff has not established a causal connection between his alleged physical injuries and property damage and the alleged failure to prosecute and investigate those claims. Plaintiff could have filed a civil action for damages against the Dawsons, and could also have filed his own criminal complaint without the authorization of the City Attorney's Office pursuant to the court rules of the Franklin County Municipal Court and Ohio Revised Code § 2935.09.

■ Plaintiff has also failed to produce evidence of a policy of filing complaints based solely upon who arrives first at the courthouse. However, even assuming that such a policy did exist, plaintiff has not shown how such a policy would violate equal protection rights, particularly since a private citizen always has the option to file his complaint with the clerk of court and obtain a probable cause determination from a judge under Ohio Revised Code §§ 2935.09 and 2935.10.

All defendants are entitled to summary judgment on plaintiff's equal protection and due process claims based upon alleged racial discrimination in the investigation and prosecution of complaints, including the failure to train claim and the "race to the courthouse" claim.

Plaintiff claims in the complaint that his arrest was unlawful under the Fourth Amendment. A broad reading of the facts asserted in the complaint reveals that plaintiff has also attempted to assert a claim sounding in unlawful or malicious prosecution against defendant Donaldson. Plaintiff's complaint does not specifically state whether his assertions of the existence of policies of inadequate investigation and inadequate training of officers in investigative techniques extend to the matter of ascertaining whether there are existing arrest warrants or of determining the existence of probable cause prior to filing complaints. However, even if his complaint is so construed, he has produced no evidence of the existence of such policies so as to hold the City liable for his unlawful arrest and prosecution claims. Plaintiff likewise has not shown that he could establish a violation of his rights for which Chief Jackson could be held liable in his supervisory capacity. The record fails to demonstrate that the circumstances of this case, even if plaintiff's factual allegations are accepted as true, constitute anything but an isolated incident. The City and Chief Jackson are entitled to summary judgment on these claims.

■ The court concludes that summary judgment on plaintiff's claim of invalid arrest without a warrant must be denied as to defendants Schuler and Donaldson. Plaintiff has stated in his affidavit that he heard the radio dispatcher state that there were no outstanding warrants for plaintiff's arrest. No affidavit from the arresting officers has been offered on this point, although the defendants maintain in the text of their motion for summary judgment that plaintiff was arrested on active arrest warrants. If, as plaintiff's evidence tends to suggest, the officers did not know about the outstanding warrants, and if there was no other valid basis for plaintiff's arrest, then plaintiff may be able to establish that his arrest was invalid, even if there were in fact warrants outstanding for plaintiff's arrest. See *Bruce v. Perkins*, 701 F.Supp. 163 (N.D.Ill.1988). The court concludes, in light of plaintiff's affidavit and the lack of any affidavits from defendants on this point, that a genuine issue of material fact concerning the knowledge of the officers has been demonstrated. The court further finds that the law is well established that an arrest must be based either upon proba-

ble cause or an arrest warrant. It has not been demonstrated that the officers would be entitled to qualified immunity on this claim.

■ The court concludes that plaintiff has failed to adequately plead a claim for unlawful prosecution under § 1983 against defendant Donaldson, and further, that plaintiff has produced no evidence to support such a claim sufficient to withstand defendants' motion for summary judgment. To state a claim for malicious prosecution under § 1983, a plaintiff must allege "the misuse of a legal proceeding so egregious as to subject the aggrieved individual to a deprivation of constitutional dimension." *Dunn v. Tennessee*, 697 F.2d 121, 126 (6th Cir.1982). The mere prosecution of plaintiff does not create a constitutional claim under § 1983. *Braley v. City of Pontiac*, 906 F.2d 220 (6th Cir.1990). In order to state a viable claim for malicious prosecution under § 1983, plaintiff must allege that the prosecution had the effect of depriving him of a constitutionally protected interest or causing a violation of a constitutional guarantee. *Id.* at 227; *Richardson v. City of South Euclid*, 904 F.2d 1050 (6th Cir.1990). A complaint which alleges no loss beyond the inconvenience of defending oneself in court does not state a claim under § 1983. *Richardson*, 904 F.2d at 1054.

■ Plaintiff's complaint is vague as to the exact nature of defendant Donaldson's participation in the filing and prosecution of the charge which was filed by the Dawsons. Plaintiff alleges simply that defendant Donaldson urged the Dawsons to file a passing bad check charge against plaintiff. Plaintiff does not specifically allege that there was no probable cause to support that charge, nor does plaintiff allege that defendant Donaldson based his actions on the race of the parties. Finally, plaintiff's complaint does not identify how defendant Donaldson's participation in the prosecution had the effect of depriving plaintiff of a constitutionally protected interest.

Defendants have produced case investigation documents which reveal that defendant Donaldson investigated the Dawsons' complaint, took information from plaintiff as well as the Dawsons and considered both versions of the check incident. A handwriting comparison was requested by defendant Donaldson on the day of plaintiff's arrest to obtain an expert opinion on whether plaintiff wrote the check which the Dawsons produced and which they claimed was returned for insufficient funds. Detective Donaldson was not obligated to believe plaintiff's version of the incident, particularly in the absence of any evidence indicating that plaintiff's statement was entitled to more credence. Plaintiff's ´sole evidence on this issue is the statement in his affidavit that he heard defendant Donaldson encourage the Dawsons to file charges, telling them "if you file charges, we will keep him here." This is insufficient to establish a malicious prosecution claim. Plaintiff has also produced no evidence from which it could reasonably be inferred that defendant Donaldson's acts were in any way racially motivated. Defendant Donaldson is entitled to summary judgment on the claim of unlawful prosecution.

In accordance with the foregoing, summary judgment is hereby granted on all claims as to all defendants, with the exception that summary judgment is denied as to plaintiff's unlawful arrest claim against defendants Schuler and Donaldson.

Plaintiff has also filed a motion to amend his complaint to add a claim under 42 U.S.C. § 1981. Amendment of the complaint pursuant to Fed.R.Civ.P. 15 would require leave of court or consent by defendants at this stage of the case. The decision whether to permit amendment of the complaint rests within the sound discretion of the trial court. *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979 (6th Cir.1991).

■ The motion has a missing page, and plaintiff has not tendered the precise wording of his proposed amendment. However, it appears from what has been submitted that plaintiff desires to pursue his claim of failure to prosecute his case against the Dawsons under a § 1981 theory. The motion to amend was filed over a

year after the original complaint. While delay in itself constitutes an insufficient basis for denial of a motion to amend, it is a factor which may be considered.

■ A motion to amend may be denied where amending the pleading would be a futile act, such as where the amended pleading could not survive a motion for summary judgment. The City correctly notes that plaintiff may not pursue a separate claim under § 1981 against the City or the individual defendants in their official capacity. Rather, § 1983 provides the exclusive federal remedy against a state actor for a violation of rights protected by § 1981. *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989). Thus, while a plaintiff may allege violations under § 1981 as a basis for a § 1983 action, § 1981 does not provide a separate remedy against the City or against the individual defendants in their official capacities.

■ The statute of limitations for actions under § 1981 and § 1983 is two years. *Crawford v. Broadview Savings & Loan Co.*, 878 F.2d 1436 (6th Cir.1989); *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1985). Many of the events referred to in plaintiff's complaint occurred over two years before the date of his motion to amend, and thus many of his claims, including the false arrest claim, insofar as they are based on alleged § 1981 violations, would be time-barred, regardless of whether such claims are viewed as arising under § 1981 or § 1983. Further, an action brought pursuant to § 1981 requires proof of intentional discrimination based upon race, *Murray v. Thistledown Racing Club, Inc.*, 770 F.2d 63 (6th Cir.1985), and causation, *Coral Const. Co. v. King County*, 941 F.2d 910 (9th Cir.1991). Proof of racial animus was also required in connection with plaintiff's equal protection claims, and plaintiff failed to show in response to defendants' summary judgment motion that he could produce evidence to meet his burden of proof on that issue. Plaintiff's proposed § 1981 claim appears to involve the same factual circumstances already alleged in the complaint. The court finds no basis

for concluding that plaintiff would be able to produce evidence of the racial motivation required to survive a motion for summary judgment on a § 1981 claim. Therefore, it appears that granting leave to amend would be futile.

Accordingly, plaintiff's motion for leave to amend the complaint is denied.