Steve TORBA, Plaintiff,

v.

J.M. SMUCKER COMPANY, Defendant.

No. 5:93–CV–1978.

United States District Court,
N.D. Ohio,
Eastern Division.

June 21, 1995.

Steve M. Torba, Moundsville, WV, pro se.

Evan J. Palik, Law Offices of Mark S. Hura, Akron, OH, for defendant.

### MEMORANDUM AND ORDER

O'MALLEY, District Judge.

Plaintiff Steve Torba filed this negligence action against J.M. Smucker Company ("Smucker"), seeking compensatory and punitive damages for injuries allegedly sustained by Torba while consuming Santa Cruz Natural Organic Apple Apricot Sauce, one of Smucker's products.[1] Plaintiff claims a clear piece of plastic in the sauce punctured his lower lip causing paralysis of his lip.

Currently pending before this Court is defendant's motion for summary judgment. (Docket no. 28). For reasons set forth in this opinion, defendant's motion is GRANTED.

### I.

At its core, this case is a products liability action, premised on a negligence theory, to recover damages for injuries caused by the alleged presence of a foreign plastic object in a serving of apple apricot sauce. The parties' attempts to flesh out through discovery the precise source of the errant plastic object have not been fruitful. Smucker, in particular, has scrutinized the manufacturing process of the apple apricot sauce and has concluded that the plastic object did not correspond to any of the materials or machinery used in processing and packaging the sauce. Plaintiff offers no evidence refuting Smucker's findings.

### II.

■ Defendant Smucker has filed a motion for summary judgment pursuant to Fed. R.Civ.P. 56(b). In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *White v. Turfway Park Racing Assn., Inc.,* 909 F.2d 941, 943–44 (6th Cir.1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases the Court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252, 106 S.Ct. at 2512.

■ Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479–80 (6th Cir.1989) (citing *Frito–Lay, Inc. v. Willoughby,* 863 F.2d 1029, 1034 (D.C.Cir.1988)). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Fulson v. City of Columbus,* 801 F.Supp. 1, 4 (S.D.Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id.*

---

**1.** Santa Cruz Natural, a subsidiary of defendant Smucker, actually processes and packages Santa Cruz Natural Organic Apple Apricot Sauce. Santa Cruz Natural is not a defendant in this action.

## III.

Defendant Smucker claims summary judgment is appropriate in this case because plaintiff cannot produce any evidence to support his products liability claim which would give rise to genuine issues of material fact. Smucker's motion specifically challenges plaintiff's ability to produce evidence on the critical issues of negligence in processing or packaging the apple apricot sauce, causation and damages.

■ It is well-settled that a *pro se* plaintiff is held to less stringent pleading standards than a trained lawyer, and therefore, this Court is required to construe plaintiff's *pro se* complaint liberally. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Black v. Parke,* 4 F.3d 442, 448 (6th Cir.1993). Notwithstanding the liberal treatment of *pro se* pleadings, a *pro se* plaintiff still bears the burden of setting forth specific facts demonstrating a genuine issue of material fact where the opposing party has moved for summary judgment. *Black,* 4 F.3d at 448.

■ Where, as here, one party moves for summary judgment on the grounds that the nonmovant cannot produce evidence at trial to support his claim, the nonmovant may not rest upon his pleading. The nonmovant must present "significant probative evidence" on every essential element to raise a jury issue and withstand summary judgment. *Pursifull v. U.S.,* 849 F.Supp. 597, 604 (S.D.Ohio 1993). Plaintiff has not submitted evidence, apart from the allegations set forth in his verified complaint, in response to Smucker's summary judgment motion.

■ Plaintiff avers that the facts and allegations contained in the complaint were true, except for the facts and allegations made on information. A verified complaint can have the same evidentiary force and effect as an affidavit in responding to a motion for summary judgment. *Lavado v. Keohane,* 992 F.2d 601, 605 (6th Cir.1993). Plaintiff purports to only verify certain facts and allegations based on his personal knowledge and observation, but he fails to identify with particularity those portions of the complaint. This Court is unable on the current state of the complaint to discern which of the facts and allegations are verified and, therefore, which are properly considered in opposition to Smucker's motion for summary judgment. Assuming, however, the entire complaint qualifies as competent summary judgment evidence, this Court's inquiry focuses on whether plaintiff sets forth specific, non-conclusory facts therein to withstand Smucker's summary judgment motion.

■ Smucker presents a detailed explanation of the manufacturing process for the apple apricot sauce. A crosscheck machine, used in manufacturing and processing the sauce, has safeguards to ensure foreign objects do not enter the sauce. The machine is designed to shut down if the safeguards fail. The process also includes a strainer which is designed to separate various particles, including seeds, from the sauce. Smucker's clear and cogent explanation of the manufacturing process of the apple apricot sauce refutes plaintiff's claim that the plastic piece originated, or even could have originated, from the manufacture of the product. Plaintiff has offered nothing, other than the facts and allegations in his complaint, to refute Smucker's logical explanation.

Plaintiff's complaint is rife with non-specific facts and conclusory assertions. In paragraph 3 of his complaint, for example, plaintiff alleges defects in the packaging, quality control, inspection and workmanship of the apple apricot sauce. Plaintiff does not elucidate specific facts to support the existence of these claimed defects.

Similarly, in paragraph 4 of his complaint, plaintiff claims he became sick, sore and disabled as a result of his encounter with the plastic shard. Plaintiff fails to identify any specific facts to substantiate the existence or scope of his alleged injuries, and, in fact, plaintiff has not yet sought medical treatment, incurred medical or hospital expenses or even suffered any downtime as a result of his claimed injuries. (Plaintiff's Responses to Defendant's Interrogatories Nos. 6, 10, 11).

Plaintiff seeks independent support for his claim in the proposed testimony of fellow inmate and alleged witness, Ronald T.

Williams.[2] This Court finds this potential witness utterly incredible and completely unsupportive of plaintiff's claim, and, accordingly, gives no credence to the anticipated witness testimony. *Selsor v. Callaghan & Co.,* 609 F.Supp. 1003, 1010 (N.D.Ill.1985) ("[The Court's] duty in ruling on ... summary judgment motion is to resolve issues of credibility in [nonmovant's] favor, [however] this duty extends only to plausible issues of credibility.... [if] an offer of evidence ... is too incredible to be believed, the court may disregard it.").

Since the filing of the complaint almost two years ago, plaintiff has had ample time within which to conduct discovery and adduce facts supporting his claim. Indeed, plaintiff served interrogatories and requests for production on defendant Smucker in January 1994 and received responses thereto in February 1994. Despite receiving this additional information, plaintiff fails to identify specific facts within the responses or documents to demonstrate genuine issues of material fact and to withstand summary judgment.

The mere fact that a plaintiff files an affidavit is not enough to prevent entry of summary judgment pursuant to a defendant's motion. A district court does not "improperly weigh the evidence" when it grants summary judgment despite plaintiff's having filed an affidavit, when the assertions in the affidavit are unsupported by any other "competent evidence." *Leahy v. Trans Jones, Inc.,* 996 F.2d 136, 139 (6th Cir.1993). In this case, summary judgment in favor of Smucker is appropriate, despite plaintiff's submission of a verified complaint, because the assertions contained in the complaint are unsupported by any other competent evidence.

## IV.

In conclusion, because plaintiff does not present any specific facts from which this Court can conclude that the plaintiffs could carry their burden at trial to prove even the most essential elements of his claim, summary judgment is GRANTED in favor of defendant Smucker, and this case is DISMISSED.

**IT IS SO ORDERED.**

### *ORDER*

For the reasons set forth in this Court's memorandum and order of this date, the defendant's motion for summary judgment is GRANTED, and this case is DISMISSED.

**IT IS SO ORDERED.**

2. Mr. Williams is a rather infamous character in the federal court system. On March 30, 1994, Mr. Williams was enjoined from asserting further fraudulent personal injury claims in the United States District Court in New York by Judge John S. Martin. One of the many claims Williams instituted since the 1980s was a product liability claim in which he alleged he was cut by a glass piece in yogurt resulting in paralysis of his lip. The similarity between Williams' claim and Torba's claim in this case is, to say the least, compelling. This, coupled with the inmates' apparent willingness to support each other in pursuing such claims, casts a cloud of speculation over the merits of the complaint in this case.