**WESTSIDE CELLULAR, INC., Plaintiff**

v.

**UNITED STATES of America, Defendant.**

**No. 1:06 CV 2231.**

United States District Court, N.D. Ohio, Eastern Division.

July 7, 2008.

Randy J. Hart, Hahn, Loeser & Parks, Cleveland, OH, Mark D. Griffin, Orange, OH, for Plaintiff.

Thomas P. Cole, U.S. Department of Justice–Tax Division, Washington, DC, for Defendant.

## ORDER

SOLOMON OLIVER, JR., District Judge.

Now pending before the court is Plaintiff Westside Cellular, Inc.'s ("Plaintiff") Motion for Summary Judgment (ECF No. 16), wherein Plaintiff seeks a refund of $3,108,038.92, plus interest, for federal telecommunications excise taxes, allegedly imposed incorrectly under 26 U.S.C. § 4251, that Plaintiff billed and collected from its customers and eventually remitted to Defendant United States of America ("Defendant"). Also pending before the court is Defendant's Cross–Motion for Summary Judgment (ECF No. 17), wherein Defendant primarily asserts that Plaintiff lacks standing to seek an excise tax refund because it is merely a tax collector, not a taxpayer. For the following reasons, the court denies Plaintiff's Motion for Summary Judgment and grants Defendant's Cross–Motion for Summary Judgment.

## I. FACTS AND PROCEDURAL HISTORY

### A. Plaintiff Billed Its Customers for Excise Taxes, Collected the Tax, and Remitted the Taxes to Defendant

Plaintiff, an Ohio corporation that has been a reseller of cellular telephone service from Verizon Wireless and its corporate ancestors ("Verizon") since at least 1991, seeks to recover federal telecommunication excise taxes that it remitted to Defendant in the amount of $3,108,038.92 on or about August 4, 2003. (Pl.'s Summ. J. Mot. at 3, citing Affidavit of Michael Tricarichi ("Tricarichi Aff.") ¶ 6.) Plaintiff represented to Verizon in the Certificate of Exemption from Federal Excise Tax on Charges for Communication Services ("Certificate of Exemption") that Plaintiff "was exempt from taxes imposed by Section 4251 of the Internal Revenue Code" based on its status as a reseller. (Def.'s Cross–Mot. for Summ. J., Cole Decl., Ex. 11.) As a reseller, Plaintiff stated in the Certificate of Exemption that:

> The communication services furnished by [Verizon] will be used exclusively in the rendering of a communication service upon which tax is imposed by Section 4251 of the Internal Revenue Code. It is understood that no tax will be collected by [Verizon] on charges for said services, and that it will be the responsibility of the undersigned [Westside Cellular] to collect such tax as may be due from its customers and to remit it to the Internal Revenue Service.

*Id.* In accordance with its representations in the Certificate of Exemption, Plaintiff Westside Cellular proceeded to bill and

collect the tax from its customers. (*Id.*, Cole Decl., Ex. 12.) After ten years, on or about August 4, 2003, Plaintiff eventually remitted the entirety of the excise taxes due from September 30, 1991, to March 31, 2003, together with the interest thereon, to the IRS. (Pl.'s Summ. J. Mot. at 3, citing Triarichi Aff. ¶¶ 13; 15.)

### B. Plaintiff Filed its Request for a Refund of the Excise Tax Paid by Its Customers

On or around May, 2006, Defendant acknowledged in COMMUNICATIONS EXCISE TAX, 2006 WL 1452787, IRS Notice 2006–50 (2006) that, in light of federal case holdings such as *OfficeMax, Inc. v. United States of America*, 428 F.3d 583 (6th Cir. 2005), Defendant incorrectly imposed excise tax pursuant to 26 U.S.C. § 4251 for telephonic communications based on time-only service, rather than services based on time *and* distance, as defined by the plain language of 26 U.S.C. § 4252(b)(1). As a result, Defendant stated in IRS Notice 2006–50 that taxpayers may be entitled to request credit or refund of the excise taxes it paid for communications based on time-only service.

On July 31, 2006, Plaintiff filed copies of Forms 8849, in accordance with the administrative refund request requirements of Section 6532 and 7422 of the Code, to request the refund of the taxes that Defendant allegedly erroneously retained. (Pl.'s Summ. J. Mot. at 4, Tricarichi Aff. ¶ 20.) Defendant acknowledged receipt of Plaintiff's refund request at its regional office in Cincinnati on or around August 3, 2006. (*Id.*, Triarchi Aff. ¶ 22.)

### C. The IRS Denied Plaintiff's Refund Request

On or around August 22, 2006, Defendant formally denied Plaintiff's refund request. (Pl.'s Summ. J. Mot. at 4, citing Ex. C ("IRS Letter")). In the IRS letter, Defendant stated that Plaintiff's refund request was not timely because it purportedly "was not filed within three years from the date we received a late return." (*Id.*) The IRS letter did not state any other reason for denying Plaintiff's request. (*Id.*) Yet, as Defendant now concedes in its Opposition to Plaintiff's Motion for Summary Judgment and Cross–Motion for Summary Judgment, Plaintiff's relevant returns were filed on or after August 4, 2003, and its excise tax refund request was accepted by the IRS on or before August 3, 2006. As a result, since it was filed within the three-year statutory period, Defendant does not now argue that Plaintiff's refund request is untimely. (*Id.*)

### II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) governs summary judgment motions and provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law....

In reviewing summary judgment motions, this court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943–44 (6th Cir.1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil

cases the Court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252, 106 S.Ct. 2505. However, "[c]redibility judgments and weighing of the evidence are prohibited during the consideration of a motion for summary judgment." *Ahlers v. Schebil,* 188 F.3d 365, 369 (6th Cir.1999).

■ Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479–80 (6th Cir.1989) (citing *Frito–Lay, Inc. v. Willoughby,* 863 F.2d 1029, 1034 (D.C.Cir.1988)). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established that create a genuine issue of material fact. *Fulson v. City of Columbus,* 801 F.Supp. 1, 4 (S.D.Ohio 1992). The non-movant must show "more than a scintilla of evidence to overcome summary judgment"; it is not enough to show that there is slight doubt as to material facts. *Id.* As Rule 56(e) makes clear:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

### III. LAW AND ANALYSIS

In its Motion for Summary Judgment, Plaintiff argues, in light of IRS Notice 2006–50, that it is entitled to an excise tax

refund based upon the fact that the telephonic communication services were time-only, rather than services based on time *and* distance. In its Opposition to Plaintiff's Motion for Summary Judgment and Cross–Motion for Summary Judgment, Defendant argues, as a threshold issue, that Plaintiff lacks standing to seek a refund for taxes imposed under § 4251, even if the tax was incorrectly imposed, because Plaintiff is a tax collector, not a taxpayer. As a tax collector, Plaintiff itself was exempt from the excise tax and merely billed and collected the tax from its customers and then remitted the tax to the government. Defendant maintains that only the taxpayers who paid the tax—Plaintiff's customers—have standing to seek a refund against Defendant in the absence of Plaintiff's compliance with IRS Notice 2006–50, Section 5(d)(4), which provides that a tax collector can only seek an excise tax refund if it certifies that it has repaid the tax to its customers or obtained its customers' written consent to seek a tax refund.

In response to Defendant's standing argument, Plaintiff relies on several provisions relating to the regulation of prepaid telephone calling cards and prepaid cellular telephones to argue that it has standing to seek a refund of the excise tax. Since the court finds that Defendant's argument is well-taken that these regulations are inapposite to the facts in the instant case and that Plaintiff has provided no evidence that its meets the requirements of IRS Notice 2006–50, Section 5(d)(4), the court holds that Plaintiff lacks standing to seek an excise tax refund. Accordingly, the court need not address Plaintiff's argument that the excise tax was improperly imposed or Defendant's alternative argument that at least a portion of the telephone calls at issue are subject to the excise tax.

## A. IRS Notice 2006–50

IRS Notice 2006–50, Section 1(a) states that the Internal Revenue Service will follow the holdings of numerous federal cases, such as *OfficeMax, Inc. v. United States*, 428 F.3d 583 (6th Cir.2005), and "as a result, amounts paid for time-only service are not subject to the tax imposed by § 4251(a)." As a result of this decision, IRS Notice 2006–50, Section 4(a) provides that "collectors or taxpayers may request a refund of tax paid under § 4251 on nontaxable service that was *billed to the taxpayer* during the period after February 28, 2003, and before August 1, 2006 (the relevant period)." (Emphasis added). Significantly, IRS Notice 2006–50, Section 5(d)(4)(i) clarifies that "a request by a collector is allowed *only* if the person that paid over the tax establishes that it has repaid the amount of the tax to the person from whom the tax was collected, or obtains the written consent of such person to the allowance of the credit or refund." (Emphasis added).

## B. Plaintiff is a Tax Collector, Not a Taxpayer, of the Excise Tax

■ In its Opposition to Plaintiff's Summary Judgment Motion and Cross–Motion for Summary Judgment, Defendant correctly asserts that Plaintiff is a tax collector, not a taxpayer. Section 4251(a)(2) states that the communications excise tax "shall be paid by the person paying for such service." Under 26 U.S.C. § 4291, "[e]xcept as otherwise provided in Section 4263(a), every person receiving any payment for facilities or services on which a tax is imposed upon the payor thereof under this chapter shall collect the amount of the tax from the person making such payment." Under 26 U.S.C. § 7501, "whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held

to be a special fund in trust for the United States." Therefore, Defendant correctly asserts that Plaintiff was not paying the excise tax: it was merely collecting, pursuant to 26 U.S.C. § 4291, the tax that its end users owed under 26 U.S.C. § 4251(a)(2) and remitting the collected tax to the government.

Title 26, Section 6402 provides the general rule that only the taxpayer who paid the tax is entitled to recover a tax overpayment:

> [I]n the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the *part of the person who made the overpayment* and shall, subject to subsections (c), (d), and (e), refund any balance to *such person*.

(Emphasis added.) Thus, the Sixth Circuit, in *OfficeMax, Inc. v. United States of America*, 428 F.3d 583, 586–87 (6th Cir. 2005), permitted plaintiff corporation, the payor of the excise tax, to pursue a refund of those taxes. In that case, the plaintiff was the taxpayer; the plaintiff's telecommunications carrier, MCI, billed the plaintiff for the tax, collected the tax from the plaintiff and remitted it to the government. *See also Honeywell Int'l, Inc. v. United States*, 64 Fed.Cl. 188, 191–92 (2005) (same); *Am. Bankers Ins. Group, Inc. v. U.S.*, 308 F.Supp.2d 1360, 1362 (S.D.Fla. 2004) (same); *Fortis, Inc., v. United States of America*, 420 F.Supp.2d 166, 169 (S.D.N.Y.2004) (same).

In contrast to the taxpayer plaintiffs in the above-cited cases who were permitted to seek an excise tax refund, Defendant cites *Brinskele v. United States*, 73 Fed.Cl. 227 (2006), for the proposition that, as a reseller and tax collector, Plaintiff does not have standing to seek a refund of the

excise tax paid by its customers. In *Brinskele*, 73 Fed.Cl. at 231–34, the Federal Court of Claims held that the plaintiff reseller, who collected the § 4251 communications excise tax from its customers but failed to remit the tax to the government, was still liable for the tax even though the government conceded that the reseller's customers did not actually owe the tax in light of Notice 2006–50. The *Brinskele* court rejected the reseller's argument that if the underlying excise tax was not owed, then the reseller could not be held liable under a trust theory for failure to turn the taxes it collected from its customers over to the government. *Id.* at 231–32. Instead, the *Brinskele* court agreed that where a collection agent collects tax, it is "acting with colorable authority pursuant to IRC § 4291" and thus required to turn collected taxes over to the government. *Id.* at 231–32. The *Brinskele* court stated that, while "Notice 2006–50 has created a unique procedure for handling credits and refunds incorrectly charged under § 4251, *this procedure does not allow the collectors to keep the already collected taxes for themselves.*" *Id.* at 234 (emphasis added).

Here, Defendant argues that, similar to the plaintiff tax collector in *Brinskele*, Plaintiff is also a tax collector, not a taxpayer, and as such is not entitled to a refund for excise taxes that were paid by its customers. Defendant's evidence shows that, early on in its relationship to Verizon, Plaintiff wrote a letter to Verizon stating that Verizon erred in billing Plaintiff the federal excise tax under § 4251 because, "[s]ince we are a reseller, we have the obligation to tax to our end users at the retail rate and are therefore exempt form paying taxes on wholesale purchases." (Def.'s Opp'n to Pl.'s Mot. for Summ. J. and Cross–Mot. for Summ. J., Cole Decl., Ex. 1.) Additionally, Plaintiff certifies in its Certificate of Exemption that it is not liable for the federal excise tax, and that its responsibility is "to collect

such tax as may be due from [our] customers and to remit it to the Internal Revenue Service." (*Id.*, Cole Decl., Ex. 11.) Finally, the evidence shows that Plaintiff billed its customers for the excise tax on monthly billing statements. (*Id.*, Cole Decl., Ex. 12.)

## C. Applicability of 26 CFR § 49.4251–4 and IRS Notice 2007–11

Plaintiff does not dispute that it avoided being billed for the excise tax by asserting in its Certificate of Exemption that it was exempt from the tax based on its status as a reseller that would bill and collect the tax from its customers. Plaintiff does not dispute that it then billed its customers for the § 4251 communications excise tax, that its customers paid the tax, and that Plaintiff eventually remitted the tax to Defendant. Finally, Plaintiff does not assert that it has repaid the amount of the tax to its customers or obtained the written consent of its customers to seek a refund of the federal excise tax in accordance with IRS Notice 2006–50, Section 5(d)(4)(i).

■ Rather, Plaintiff attempts to incorrectly characterize its business as the sale of prepaid telephone calling cards and prepaid cellular telephones in order to support its argument that it has standing to seek an excise tax refund from Defendant. Specifically, Plaintiff cites 26 CFR § 49.4251–4, Example 5, which pertains to the imposition of the excise tax on prepaid telephone cards and states that the person liable for the § 4251 tax is the transferee reseller. Additionally, Plaintiff cites IRS Notice 2007–11, which reiterates the IRS rules regarding prepaid telephone calling cards and also applies the rule to prepaid cellular telephones. Attempting to apply these rules and regulations regarding prepaid telephone cards and prepaid cellular phones to its own situation, Plaintiff argues that:

The operative fact here is that the service was sold from a carrier (i.e. Verizon Wireless) to a "transferee reseller" (i.e. [Plaintiff]) as identified and defined in the above-quoted IRS regulations. In that case, the IRS has instructed that not only is the tax to be paid by the "transferee reseller," but that the refund can only be obtained by the "transferee reseller." Since [Plaintiff] is the transferee reseller, and since it paid the tax at issue, it is [Plaintiff] that it entitled to seek and obtain the refund of that tax. The regulation further states that subsequent purchasers (i.e. [Plaintiff's] retail customers) are not entitled to seek a refund.

(Pl.'s Mem. in Opp'n of Def.'s Mot. for Summ. J. at 7.)

However, Defendant correctly points out that 26 CFR § 49.4251–4 and IRS Notice 2007–11 are inapposite to the facts in the instant case because the evidence shows that Plaintiff is not a seller of prepaid telephone calling cards or prepaid cellular telephones. Title 26, Section 4251(d) and its regulations provide special rules for the imposition and collection of the excise tax from sellers of prepaid telephone cards and similar "in advance" payment arrangements. Treasury Regulation § 49.4251–4 defines a prepaid telephone card as "a card or similar arrangement that permits its holder to obtain a fixed amount of communications services by means of a code (such as a personal identification number (PIN)) or other access device provided by the carrier and to pay for those services in advance." Similarly, IRS Notice 2007–11 defines prepaid cellular telephone service as one where "[t]he customer does not enter into a contract with the telecommunication provider; there are no service charges after the additional purchase, and no monthly bills."

Title 26 C.F.R. § 49.4251–4(d), Example 5 describes a factual scenario where a carrier sold a block of prepaid telephone calling cards to a reseller, a convenience store owner, who would then sell the cards to its customers. In those circumstances, the reseller of the prepaid telephone card is liable for the tax and the carrier collects the tax from the reseller. Similarly, IRS Notice 2007–11, Section 6(c), which addresses prepaid calling cards, states that "[t]he transferee is the person liable for the tax paid on a prepaid telephone cards and thus generally is the person eligible to request a credit or refund of the tax it paid." The provision therefore concludes that "the carrier is eligible to request a credit or refund only if it meets the conditions of section 5(d)(4) of Notice 2006–50." *Id.* Section 7(c), which addresses prepaid cellular telephones, also states that "[t]he transferee is the person liable for the tax paid on a prepaid telephone cards and thus generally is the person eligible to request a credit or refund of the tax it paid." Like Section 6(c), Section 7(c) also concludes that "the carrier is eligible to request a credit or refund only if it meets the conditions of section 5(d)(4) of Notice 2006–50." *Id.*

Here, the court finds that Plaintiff's services are not in the nature of the services covered by § 4251(d). Defendant points out that prepaid phone cards are sold at the cash register in convenience stores, newspaper stands, and other businesses where retail items are sold. (Pl.'s Reply to Pl.'s Mem. Contra to Def.'s Mot. for Summ. J.) Prepaid telephone cards allow customers to make telephone calls without having to sign a contract with a telephone company and pay monthly bills. (*Id.*) Yet Defendant's evidence shows that Plaintiff's customers had to sign contracts with Plaintiff, and that Plaintiff sent monthly bills to its customers. (Cole Decl., Ex. 12.) Regardless of whether Plaintiff's customers were billed for a certain number of minutes per month or whether they were

billed for the number of minutes that they consumed, the evidence shows that, unlike a prepaid telephone calling card or prepaid cellular telephone, Plaintiff maintained an ongoing relationship with its customers. Plaintiff sent its customers monthly bills that itemized the services, including the federal excise tax, that its customers used and charged them pursuant to the plan in which the customer was enrolled. (*Id.*) Moreover, Defendant shows that Verizon did not bill Plaintiff for the excise tax. Rather, the evidence shows that Plaintiff executed a Certificate of Exemption certifying to Verizon that Plaintiff was exempt from the excise tax, and that Plaintiff billed and collected the tax from its customers and then remitted the tax to Defendant. (Cole Decl., Ex. 11.) In contrast, Plaintiff produces no evidence to show that its services constituted prepaid telephone calling cards or prepaid cellular telephones. Moreover, even if it did sell prepaid telephone calling cards or prepaid cellular telephone services, Plaintiff would still lack standing as a "transferee reseller" because it is undisputed that it never paid the excise tax. Accordingly, having avoided paying the excise tax pursuant to its executing the Certificate of Exemption, Plaintiff cannot now attempt to use inapposite regulations, 26 C.F.R. § 49.4251 and Notice 2007–11, to bestow standing upon Plaintiff's excise tax refund suit.

### D. Tax Collector's Burden of Proof Regarding Standing to Seek a Tax Refund

Since the regulations relating to prepaid telephone calling cards and prepaid cellular telephones are not applicable to Plaintiff, Plaintiff must therefore meet the requirements of *Notice 2006–50*, Section 5(d)(4), to have standing to seek a refund for the excise taxes paid by its customers. As stated above, IRS Notice 2006–50, Section 5(d)(4)(i) clarifies that "a request [for a refund] by a collector is allowed *only* if the person that paid over the tax estab-

lishes that it has repaid the amount of the tax to the person from whom the tax was collected, or obtains the written consent of such person to the allowance of the credit or refund." Plaintiff produces no evidence that it has repaid the excise tax to its customers or obtained the written consent of its customers to seek an excise tax refund. Accordingly, the court finds that there is no genuine issue of material fact and that Plaintiff, a collector of the excise tax, does not have standing as a matter of law to seek a refund of the excise tax paid by its customers, regardless whether the excise tax was improperly imposed

### IV. CONCLUSION

For the above-stated reasons, the court denies Plaintiff's Motion for Summary Judgment (ECF No. 16) and grants Defendant's Cross–Motion for Summary Judgment (ECF No. 17).

IT IS SO ORDERED.